# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:01CR00007 |
| | Case No. 1:01CR00059 |
| v. | **OPINION** |
| JOSEPH ROUTH, | By: James P. Jones |
| Defendant. | United States District Judge |

*Joseph Routh, Pro Se Defendant.*

The defendant, Joseph Routh, a federal inmate proceeding pro se, has filed a pleading which the court construes as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking prior custody credit against his federal sentence. Upon review of the record, I conclude that the petition must be summarily dismissed without prejudice.

In Case No. 1:01CR00007, Routh was charged in this court in 2001 with possession of a firearm by a convicted felon and unlawful user of controlled substances. On the motion of the government, the court dismissed the case and a new indictment was returned later that year in Case No. 1:01CR00059, charging Routh with the same offense as in the prior case. After a jury trial, he was convicted and sentenced to 188 months in prison. The Judgment, which I entered on February 6, 2002, was affirmed on appeal.

Routh is currently confined at the United States Penitentiary in Coleman, Florida. In his present submission, Routh states that he has not received credit against his federal sentence for the jail time he served on the initial charge in Case No. 1:01CR00007, from February 5 to March 14, 2001. He asks the court to order the Bureau of Prisons ("BOP") to grant him credit for this period.

Once an inmate has begun to serve his federal sentence, the United States Attorney General, rather than the court, has the responsibility for executing the sentence, which includes assigning credit for jail time served before sentencing. *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992) (interpreting 18 U.S.C. § 3585(b)). The Attorney General has delegated this authority to the BOP, which has "established regulations governing formal review of inmate complaints relating to any aspect of imprisonment," including prior custody credit. *United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990).

Because the court is not authorized by statute to calculate defendants' sentences, judicial review of claims related to sentence execution (including jail credit claims) is available only where the petitioner establishes that he has exhausted available administrative remedies available through the BOP. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994). After the final decision by BOP officials regarding prior custody credit, a dissatisfied prisoner may seek judicial review of that administrative action by filing a petition under 28

U.S.C. § 2241 in the district court with jurisdiction over the facility in which petitioner is confined. *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000).

As an initial matter, I must deny Routh's request for this court to grant him sentence credit, because authority to calculate his term of confinement rests with the BOP. As stated, based on the nature of his claim, I will construe and file his submission as a § 2241 petition. Because Routh is not confined within the jurisdiction of this court, however, this court has no power to address his jail credit claims under § 2241. I could transfer the petition to the appropriate court, but do not find it appropriate to do so. Nothing in the record suggests that Routh has yet utilized the BOP administrative remedies available to him, as he must do before any court can address his jail credit argument. Once he has completed this exhaustion process, he may submit a § 2241 petition to the United States District Court for the Middle District of Florida, the court with jurisdiction over the prison where he is currently housed. Without any indication of exhaustion at present, I will dismiss Routh's current petition without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith

DATED: August 6, 2014

/s/ James P. Jones
United States District Judge